UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 23-00358-01/13-CR-H-LHR |
| **DERRICK DEWAYNE BUTLER, ET AL.,** | |
| Defendants. | |

**UNOPPOSED MOTION TO CERTIFY CASE AS COMPLEX**

COMES NOW the United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Byron H. Black, Assistant United States Attorney, and Jodi Anton, Trial Attorney, United States Department of Justice, Violent Crime and Racketeering Section, moves the Court to declare this case complex in accordance with 18 U.S.C. § 3161(h)(7)(B)(ii), and in support thereof offers the following:

### I.   BACKGROUND

On February 27, 2025, a grand jury returned a 14-count Superseding Indictment charging each of the defendants in the above-captioned matter.[1] The Superseding Indictment charges all defendants in a large-scale robbery conspiracy wherein numerous armed robberies with firearms were attempted against purported and actual drug dealers, one of which resulted in two murders.

---

[1] This Superseding Indictment effectively merged offenses originally charged in *United States v. Butler et al.,* case number 23-00359, into this case. Specifically, the conduct underlying Counts Three and Four was originally charged in 23-00359. Because these offenses are now charged in the above-captioned matter, the Government anticipates seeking dismissal of 23-00359. The conduct underlying Counts Twelve and Thirteen was previously charged in the present case. Finally, Counts Five through Eleven charge conduct not previously charged in 23-00359 or the present case. Counts One and Two now charge conspiracies encompassing all of the substantive counts, including the new offenses in Counts Five through Eleven.

Counts One and Two charge all defendants with conspiracy to commit robbery, in violation of 18 U.S.C. §§ 1951 and 2, and conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D), and 846, from April 14, 2023 and continuing to on or about August 25, 2023. Count One is punishable by not more than 20 years' imprisonment, not more than a $250,000 fine, and up to three years' supervised release. Count Two is punishable by not less than 10 years' imprisonment, up to life imprisonment, not more than a $10 million fine, and not less than five years' supervised release.

Counts Three and Four involve a July 14, 2023, controlled robbery sting where the robbery crew attempted to rob 50 kilograms of cocaine from a purported Mexican drug supplier. Count Three charges attempted possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Count Three is punishable by not less than 10 years' imprisonment, up to life imprisonment, not more than a $10 million fine, and not less than five years' supervised release. Count Four charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count Four is punishable by not less than five years' imprisonment (consecutive to any other sentences), up to life imprisonment, not more than a $250,000 fine, and not more than five years' supervised release.

Counts Six through Eleven involve a July 19, 2023, armed home invasion of a drug house that occurred at 6225 Luce Street, Houston, Texas, that resulted in two homicides. Counts Six and Ten each charge murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2. Counts Six and Ten are each punishable by not less than life imprisonment, up to the death penalty, not more than a $250,000 fine, and not more than five years' supervised release. Counts Nine and Eleven charge causing death through the use of a firearm, in violation of 18 U.S.C. §§ 924(j) and

2. Counts Nine and Eleven are punishable by not less than 10 years' imprisonment (consecutive to any other sentences and one another), up to life imprisonment or the death penalty, not more than a $250,000 fine, and not more than five years' supervised release. Counts Seven and Eight charge discharge of a firearm during and in relation to a drug trafficking crime and crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Counts Seven and Eight are each punishable by not less than 10 years' imprisonment (consecutive to any other sentences and one another), up to life imprisonment, not more than a $250,000 fine, and not more than five years' supervised release. For the death-eligible offenses, the United States is in the process of carefully reviewing the facts and circumstances and will promptly notify the Court and counsel when a decision to seek the death penalty has been made.

Counts Twelve and Thirteen involve a July 27, 2023, controlled robbery sting where the robbery crew attempted to rob 122 kilograms of cocaine from a purported Mexican drug cartel member. Count Twelve charges attempted possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Count Twelve is punishable by not less than 10 years' imprisonment, up to life imprisonment, not more than a $10 million fine, and not less than five years' supervised release. Count Thirteen charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Count Thirteen is punishable by not less than five years' imprisonment (consecutive to any other sentences), up to life imprisonment, not more than a $250,000 fine, and not more than five years' supervised release.

Finally, Count Fourteen charges defendant Jermar Jones with obstruction of justice, in violation of 18 U.S.C. §§ 1503(a) and 2, for directing a witness to discard a backpack and clothes

to prevent their use in official proceedings. Court Fourteen is punishable by not more than 10 years' imprisonment, not more than a $250,000 fine, and up to three years' supervised release.

## II.   AUTHORITY

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Government files this motion to certify the above-referenced case as complex.

## III.   DISCUSSION

In support of this motion, the Government states the following:

    a.    the prosecution involves 13 defendants charged with a conspiracy to commit armed robberies of narcotics traffickers. Additionally, three of the defendants — Derrick Butler, Christian Rucker, and Jermar Jones—are currently charged with death-eligible offenses;

    b.    the prosecution involves a significant amount of evidence of each defendants' involvement the crimes alleged in the superseding indictment;

    c.    the prosecution involves a double homicide;

    d.    the prosecution also involves the extensive use of audio and video recorded meetings and surveillance;

    e.    the prosecution is expected to ultimately involve more than 120,000 pages in discovery, to further include substantial video, audio, and physical evidence;

    f.    the prosecution intends to present expert testimony, including cellular telephone expert analysts from the Federal Bureau of Investigation, firearms experts from the Bureau of Alcohol Tobacco, Firearms and Explosives, findings from the Harris County Medical Examiner, significant DNA evidence; and

g.   the prosecution intends to call witnesses from various State and Federal agencies that will likely require substantial coordination and logistical efforts.

## IV.   CONCLUSION

For the foregoing reasons, the Government believes that the case is so unusual and complex due to the number of defendants and the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by 18 U.S.C. § 3161.

WHEREFORE, the Government respectfully requests that the Court certify this case as complex, tolling the time limits under the Speedy Trial Act, considering the matters stated herein.

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By  *[signature]*
Byron H. Black
Assistant United States Attorney
SDTX Fed. No. 3874745
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9432
Email: Byron.Black@usdoj.gov

/s/ Jodi Anton
Jodi Anton
Trial Attorney
FL Bar: 184098
Violent Crime & Racketeering Section
United States Department of Justice
1000 Louisiana Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on April 17, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

Byron H. Black
Assistant United States Attorney

## CERTIFICATE OF CONFERENCE

I certify that the Government has communicated with the following defense counsel, who all have no objection to this motion except Mr. Vazquez, counsel for Defendant Jenkins (13):

| | |
|---|---|
| Joseph F. Vinas<br>Counsel for (1) Derrick D. Butler | James R. Alston<br>Counsel for (7) Jonta A. Glover |
| R. Trent Gaither<br>Counsel for (2) Travon Maxwell | Gregory C. Gladden<br>Counsel for (8) Dewayne D. Champion |
| Anuj Arun Shah<br>Counsel for (3) Emmanuel Winnfield | Justin G. Dees<br>Counsel for (9) Cedric L. Andrews |
| David B. Adler<br>Counsel for (4) Herman Mitchell | Lindsay Lopez & James Stafford<br>Counsel for (10) Jermar B. Jones |
| Thomas B. DuPont<br>Counsel for (5) Tyrone R. Bolton | Feroz F. Merchant<br>Counsel for (12) Samuel L. Draper |
| Robert J. Fickman<br>Counsel for (6) Joe D. Champion | Raymundo Vazquez (Objection)<br>Counsel for (13) Jeremy J. Jenkins |

Byron H. Black
Assistant United States Attorney